College Plaza, Inc. *v.* Harlaco, Inc.

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued December 2, 1964—decided January 26, 1965

*Thomas D. Clifford,* for the appellant (defendant).

*Morton J. Dimenstein,* with whom were *William M. Vishno* and, on the brief, *Cornell M. Lattanzi,* for the appellee (plaintiff).

Per Curiam. The defendant, which constructed a shopping center for the plaintiff, has appealed from a judgment directing it to proceed with the arbitration of a dispute which arose when water damage occurred, allegedly from faulty construction. The defendant contends that the plaintiff is not entitled to arbitration since the contract required that the plaintiff first obtain a ruling by the architect and also that the claim be presented within a year from the completion of the work. The court ruled that these were questions to be determined by the arbitrators and not by it.

Whether the arbitrability of a dispute is a question for the court or for the arbitrators depends upon the language of the contract. The agreement in the present case provided that "[a]ny disagree-

ment arising out of this contract or from the breach thereof shall be submitted to arbitration". We have consistently held that under such broad and all-embracing language the question of what is subject to arbitration is for the arbitrators themselves. *Gores* v. *Rosenthal,* 150 Conn. 554, 557, 192 A.2d 210; *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 196, 198, 169 A.2d 646; *International Brotherhood* v. *Trudon & Platt Motor Lines, Inc.,* 146 Conn. 17, 21, 147 A.2d 484; *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 430, 158 A. 917.

There is no error.