[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR APPOINTMENT OF RECEIVER
Plaintiff Patrick J. Dwan requests the court to appoint a receiver to manage and close up the business of a partnership known as DLM Associates. Patrick J. Dwan and the three defendants, James Gardella, John Gardella and Patsy Cutrone, Jr., are the partners of DLM Associates. The defendants contest the application to appoint a receiver on the ground, among other things, the partnership agreement provides for arbitration of disputes such as this one.
Prior to the hearing on this matter, the defendants moved to stay the proceedings "until such time as the plaintiff has submitted all of the complaints. . . to arbitration pursuant to the provisions of the partnership agreement." The court (McGrath, J.) denied the motion "without prejudice awaiting the court's ruling on the appointment of a receiver." Thereafter, the plaintiff's application for a receiver was assigned for a hearing. The court now denies the application.
The background of the parties dispute is as follows: The partnership was formed in 1977. It owns real estate on which the plaintiff, Patrick J. Dwan, managed a car dealership. The four partners, Patrick J. Dwan, James Gardella, John Gardella and Patsy Cutrone, Jr., own all the stock in the corporation which owned and operated the dealership. Each person's interest in the corporation is the same as his interest in the partnership. In 1984, the four partners executed guarantees wherein each jointly and severally agreed to be responsible for the corporation's obligations to the Merchant's Bank Trust Co. In 1990, the dealership became insolvent. The corporation's assets were sold and applied to the corporation's debt. The corporation still owes taxes to the Internal Revenue Service and the State of Connecticut. It also owes approximately $1,000,000.00 to the bank. The four partners are liable to the bank on the $1,000,000.00 obligation. The plaintiff is also personally liable to the Internal Revenue Service and the State of Connecticut for the tax obligations since he was an officer of the corporation.
On August 1, 1990, the partnership leased the real property. At the time, the partners discussed using the rent money to pay the corporation's debts. The plaintiff claims they discussed the payment of all the corporation's debts, including the tax obligations. The defendants have a different recollection of the conversation. They claim the partners only agreed to apply the rent money to the bank debt. They claim they were not aware of the tax obligations when they discussed the use of the rental payments.
On February 6, 1991, the three defendants mortgaged the property to the bank as security for the million dollar debt. CT Page 9039 They were authorized to mortgage the property by the terms of the partnership agreement. The plaintiff wants the partnership to cease paying the mortgage payments and to distribute the rent payments directly to the partners. Since the defendants have refused to do so, the plaintiff has brought this law suit claiming a dissolution of the partnership and the appointment of a receiver.
"The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules. . . ." Chatfield Co. v. Coffey Laundries, Inc., 111 Conn. 497, 501 (1930). Section 52-509 of the General Statutes authorizes the court to appoint a receiver "when a partnership is dissolved and the partners cannot agree upon the disposition of the partnership property and the settlement of the affairs of the partnership. . . ." The plaintiff claims he has a right to dissolve the partnership under General Statutes 34-69 (1)(b) and that he has exercised this right. Should this court find section 34-69 (1)(b) to be inapplicable, the plaintiff requests this court to enter a judicial decree of dissolution under General Statutes 34-70 (1)(c) or (d). Finally, the plaintiff claims a receiver is needed. The defendants contend all these issues should be decided by an arbitration panel rather than this court.
"[T]he arbitrability of a dispute is a legal question for the court unless the parties have clearly agreed to submit that question to arbitration." Board of Education v. Frey, 174 Conn. 578,580 (1978). The arbitration clause in the partnership agreement reads as follows: "Any controversy arising out of or relating to this Agreement or the breach of this Agreement, shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered may be entered in any Court having jurisdiction thereof." This clause is a broad, all-inclusive provision of the type found in Gores v. Rosenthal, 150 Conn. 554, 555 (1963) and College Plaza, Inc. v. Harlaco, Inc., 152 Conn. 707 (1965). Under this type of clause, the arbitrability of a dispute is to be determined by the arbitrators.
"The availability and adequacy of another remedy is . . . a consideration to be carefully weighed in deciding whether a receiver is necessary. If it appears that some expedient action or remedy, less stringent in effect than a receivership, will meet the situation, that course should be taken." Chatfield Co. v. Coffey Laundries, Inc., supra at 501. The intervention of a receiver will not necessarily afford the parties the most direct and practicable method for adjudicating their dispute. While the court's appointing a receiver would afford the plaintiff some additional protection, the appointment would CT Page 9040 jeopardize the partnership's welfare by creating an event of default under the terms of the mortgage. Under the circumstances, arbitration appears to be the appropriate means of redress.
The application to appoint a receiver is denied.
THIM, JUDGE