[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS
Before the court is the defendant's motion to stay CT Page 10092 proceedings pursuant to 52-409. The defendant claims that the subject matter of this action brought by the plaintiff is covered by a contract which provides for arbitration.
The original contract, the Standard American Institute of Architects form, contains an all-inclusive arbitration clause. The plaintiff concedes that if this was the only clause, the subject matter of this dispute would be arbitrable. Indeed, the Supreme Court of Connecticut has "consistently held that under such broad and all-embracing language the question of what is subject to arbitration is for the arbitrators themselves." College Plaza, Inc. v. Harlaco, Inc., 152 Conn. 707, 708 (1965).
The rub in the present case is that the parties amended the contract to provide that part of the contract (Article 4, Payments) is subject to arbitration provided demand is made within 30 days. The plaintiff claims that, notwithstanding the all-inclusive clause, this demand requirement and other matters are conditions which must first be met before the defendant has a right to arbitrate.
Nevertheless, the Supreme Court of Connecticut adopted the "positive assurance" test of arbitrability set forth in United Steelworkers of America v. Warrior Gulf Navigation Co.,363 U.S. 574 (1960). "Under the positive assurance test, `judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . . An order to arbitrate the particular grievance should not be denied unless it may be said with position assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' (Emphasis added.) United Steelworkers of America v. Warrior Gulf Navigation Co., supra, 582-83." Board of Education v. Frey, 174 Conn. 578, 582 (1978).
Since the amended Article 4 arbitration clause merely raises doubts as to whether it superseded the all-inclusive clause and its arbitrability cannot be denied with "positive assurance", the issues must be decided by arbitration. Therefore, whether the conditions for arbitration of payment have been met is for the arbitrators to decide.
Accordingly, the defendant's motion to stay is granted.
ROBERT I. BERDON, JUDGE