[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STAY ARBITRATION
This is an action on a promissory note made by an attorney to purchase stock in a professional corporation engaged in the practice of law. The Corporation has been dissolved and other litigation arising from the dissolution has been settled. Defendant moves to stay this action claiming that the promissory note is intimately connected with a Stock Purchase Agreement dated October 1, 1985 contains a clause requiring arbitration
 "in the event of any dispute, controversy or misunderstanding arising among the parties hereto which may directly or indirectly concern or involve any of the provisions hereof."
Defendant is a party to the Stock Purchase Agreement and the promissory note signed by him dated October 1, 1985 contains the following language:
 "This Note has been executed and delivered in accordance with a Stock Purchase Agreement (the "Stock Purchase Agreement") of even date herewith, CT Page 318 and is secured by a Stock Pledge Agreement of even date herewith between Borrower and Seller. The terms and conditions of those agreement are incorporated herein by reference."
The note also contains the following language:
 "This Note is made in connection with the Stock Purchase Agreement. Payments made to Seller hereunder shall be divided by Seller as provided in such agreement."
Plaintiffs argue that any dispute with respect to the promissory note is not arbitrable because the plaintiffs are not "parties" to the Note and collection of the Note does not "involve" the Stock Purchase Agreement.
In Board of Education v. Frey, 174 Conn. 578, 582,392 A.2d 466 (1978), the court adopted the "positive assurance" test of arbitrability as enunciated in United Steelworkers of America v. Warrior Gulf Navigation Co., 363 U.S. 574 (1960), stated as follows:
 "Under the positive assurance test, `judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' (Emphasis added). United Steelworkers of America v. Warrior Gulf Navigation Co., supra 582-583."
Board of Education v. Frey, supra 582.
Given the relationship of the parties of this action, all of whom were involved in the same law firm, the context in which the promissory note was made, and the explicit language connecting the promissory note to the Stock Purchase Agreement, we resolve the question in favor of arbitrability.
Motion to Stay granted. CT Page 319
Wagner, J.