[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
In this summary process action the plaintiff Town of CT Page 6139 Berlin seeks to evict for lapse of time the defendants who operate, pursuant to a lease between the parties, a restaurant at the town owned golf course. The issue raised in the defendants' motion to dismiss is whether the provision of the lease which provides that any dispute between the parties "as to the meaning of the terms of this Agreement . . . shall be resolved by arbitration" deprives this court of jurisdiction to hear and decide this matter.
The basic facts giving rise to this dispute are not contested. In January, 1993, the parties entered into a written rental agreement whose term extended from January 19, 1993 through December 31, 1993. Paragraph 25 of the lease provides that prior to the termination of the lease the Executive Board of the Town of Berlin would consider whether to extend the lease for an additional one year period. In mid-December, 1993, the Executive Board by a two one vote approved a one year renewal of the lease. Subsequently, in response to a citizen complaint, one of the two Board members who voted to renew the contract acknowledged that he should not have voted on the matter because of a conflict of interest. In March, 1994, the plaintiff initiated this action by serving on the defendants a notice to quit, alleging that the rental agreement had expired by lapse of time. The plaintiff's theory is that the purported renewal of the lease by the Executive Board was invalid and that it expired by lapse of time on December, 31, 1993.
The defendant moves to dismiss this action, arguing that the arbitration provision of paragraph 9 of the lease deprives the court of jurisdiction over the summary process action. Specifically, the defendants argue that the plaintiff cannot succeed on its lapse of time complaint because the lease was renewed for one year by virtue of the December, 1993 vote of the Executive Board. To the extent that the plaintiff now seeks to argue that purported renewal is invalid because of the improper vote of a Board member, defendants argue that the issue of whether the renewal is valid should be submitted to arbitration.
Paragraph 9 of the lease states in relevant part:
 In the event that any dispute may arise between the Lessor and Lessees as to the meaning of the CT Page 6140 terms of this agreement, the matter shall be resolved by arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within thirty (30) days, either may request that selection be made by a Judge of a Court having jurisdiction. (Emphasis supplied)
"Unless statutorily mandated, arbitration is a creature of contract. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. Nevertheless, a person can be compelled to arbitrate a dispute only if, to the extent that, and the manner in which, he has agreed so to do."White v. Kampner, 229 Conn. 465, 471 (1994) (internal quotations and citations omitted).
Whether a particular matter is arbitrable depends on the intent of the parties as reflected in the contract language. "Parties who have contracted to arbitrate certain matters have no duty to arbitrate other matters which they have not agreed to arbitrate. Nor can the courts, absent a statute, compel the parties to arbitrate those matters."American Universal Insurance Co. v. DelGreco, 205 Conn. 178,185 (1987).
Because arbitration is favored courts should "defer to this alternative method of dispute resolution if the contractual provisions fall within the grey area of arbitrability, employing the `positive assurance' test as set out in United Steelworkers of America v. Warrior GulfNavigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347,4 L.Ed.2d 1409 (1960).' Under this test, `judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' Board of Educationv. Frey, 174 Conn. 578, 582 (1978).
In this matter, the parties agreed to submit to CT Page 6141 arbitration "any dispute [that] may arise between the Lessor and Lessees as to the meaning of the terms of this Agreement . . ." The dispute in this case does not involve the "terms" of the lease, but whether or not the lease has terminated by lapse of time, or was renewed, as the defendants argue, by the vote of the Executive Board. This is not a case in which the "parties agree that they will attempt to negotiate in good faith any dispute of any naturearising under this agreement." White v. Kampner, supra, 468 (emphasis supplied). Rather, the agreement to arbitrate is limited. Under the facts of this case, it cannot be concluded that "the terms of the lease" include the question of whether the lease was lawfully renewed by the Executive Board, and, therefore, whether the lease had lapsed. While the effect of the Executive Board's purported renewal is properly a matter to be raised as a defense to this action, is not a matter for arbitration under the terms of the lease. Accordingly, the defendant's Motion to Dismiss is denied.
Holzberg, J.