[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO VACATE, MODIFY OR CORRECT ARBITRATION AWARD
In this matter the applicant, Automated Salvage Transport, Inc. ("ASTI") moves to vacate, modify or correct an arbitration award arising out of a landlord-tenant dispute between ASTI and CT Page 6601 the respondent, Automated Container Recovery, Inc ("ACRI").
The following facts give rise to this motion. In 1990 the respondent ACRI was formed to build and operate a materials recycling facility on behalf of thirteen communities. In December, ACRI and the applicant's predecessor in interest entered into a lease for premises which ACRI intended to utilize in connection with its recycling operation. Subsequently ASTI purchased the leased property as well as a 50% interest in ACRI. As such ASTI at once was both ACRI's landlord and half-owner. The other half-owner of ACRI was a competitor of ASTI.
The relationship between ACRI and ASTI deteriorated, giving rise to ACRI's claim that ASTI was in violation of the lease. In particular, ACRI complained that a building erected by ASTI encroached on a portion of the property leased to ACRI and that ASTI trucks crossed over ACRI property. Unable to resolve these and other disputes informally, ACRI initiated suit in Superior Court obtaining an ex parte temporary restraining order prohibiting ASTI from trespassing on its property. After the parties voluntarily agreed to the court's entering certain orders with respect to the use of and access to the premises and property in question, ACRI proceeded to arbitration in accordance with paragraph 22 of the lease.
Attached to the demand for arbitration was ACRI's amended Statement of Claims which set forth in general terms its areas of dispute with ASTI. In Count I, labelled "Breach of Covenant of Quiet Enjoyment" ACRI referred to the ASTI's construction of the structure which encroached on the demised premises and the subsequent trespass by ASTI's trucks servicing the structure. ASTI objected, on jurisdictional grounds, to the arbitration. It argued that ACRI's claim was not arbitrable; that ACRI had waived its right to arbitration by seeking injunctive relief in Superior Court against ASTI; and that ACRI could not institute arbitration against its 50% shareholder, it being required instead to file a stockholder's derivative suit.
The arbitrator overruled ASTI's objections to proceeding with arbitration, concluding that the dispute was arbitrable; that ACRI did not waive its rights under the lease to seek arbitration; and that a 50% stockholder is not barred from seeking arbitration against the other half-owner. The arbitrator also determined that ASTI had breached the lease by erecting building which encroached on the demised premises; that ASTI CT Page 6602 breached the lease by causing additional vehicles to enter and leave the demised premises in order to service the encroaching building and that ASTI had breached the lease's implied covenant of good faith and fair dealing. The arbitrator ordered the following relief. He directed that ASTI no longer service the encroaching building by way of the demised premises after six months from the date of the award; that ASTI pay ACRI the sum of $100 per year as rent for the encroachment of the demised premises and that both ACRI and ASTI share a right of way between the demised premises and ASTI'S facility. ASTI now moves to vacate, modify correct arbitration award.[1]
The first two arguments raised by ASTI question whether the issues claimed by ACRI in its demand are arbitrable. ASTI's first claim is that an arbitration proceeding cannot be instituted by a corporate officer against a 50% shareholder. The proper remedy, ASTI argues, is a shareholders' derivative action. ASTI also argues that ACRI waived its right to proceed under the arbitration provision of the lease by initiating the injunctive action in Superior Court.
Both claims were presented to and decided by the arbitrator, who concluded that neither acted as a bar to arbitration. In this proceeding the applicant again renews its claim that the alleged lease violations are not arbitrable. Certain well established principles guide this court's evaluation of the applicant's claim. First, if the arbitration agreement specifies that the issue of arbitrability is committed to the arbitrator, the court is bound by the arbitrator's decision and may not substitute its judgment for that of the arbitrator. WaterburyBoard of Educ. v. Waterbury Teachers Assn., 168 Conn. 54 (1975). Second "[w]hether a particular dispute is arbitrable is a question for the court, unless, by appropriate language the parties have agreed to arbitrate that question also. . . The intention to have arbitrability determined by an arbitrator can be manifested by an express provision through the use of broad terms to describe the scope of arbitration, such as 'all questions in dispute and all claims arising out of" the contract or `any dispute that cannot be adjudicated."'. White v. Kampner,229 Conn. 465, 472 (1994) (internal citations omitted). Under this test, language such as "any dispute" or "all claims" vest the question of arbitrability with the arbitrator.
In this matter, paragraph 22 of the lease provides that "any dispute under this lease" will be submitted to arbitration. This CT Page 6603 language falls plainly within the rule of White v. Kampner,
vesting the arbitrator with plenary authority to determine, as a threshold matter, the arbitrability of the matter presented to him. See, e.g., City of Bridgeport v. Bridgeport Police,183 Conn. 102 (1981) ("any matter or condition arising out of the employee-employer relationship" commits question of arbitrability to the arbitrator). Accord, College Plaza, Inc. v. Harlaco,Inc., 152 Conn. 707 (1965). Accordingly, the arbitrator's conclusion in this case that neither the corporate structure of the parties nor the prior litigation initiated by ACRI serves as a bar to arbitration will not be disturbed. White v. Kampner,
supra.
The applicant next argues that the award in this case does not conform to the submission, and therefore should be vacated pursuant to General Statutes § 52-518 (a)(4). In particular, the applicants claim that although the demand for arbitration referenced the encroaching structure and the request for relief sought the removal of that portion of the structure and assessment of damages, the arbitrator exceeded the scope of the demand and the relief sought by entering an order which effectively requires the applicant to reconfigure the existing structure.
Again, well established principles guide this court's evaluation of the applicant's claim. "When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors so long as the award conforms to the submission. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrity v.McCaskey, 223 Conn. 1, 4 (1992).
Further, the "authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Carroll v. Aetna Casualty Surey Co.,189 Conn. 16, 20 (1983). To evaluate whether the award conforms to the CT Page 6604 submission, reference must be made in the first instance, to the contract itself, and where necessary, to a "composite" of the contract and the written demand for arbitration. Masters v.Masters, 201 Conn. 50 (1986).
In this matter paragraph 22 of the lease provides that "[i]n the event of any dispute under this lease, the matter shall be referred to arbitration in accordance with the rules of the American Arbitration Association. . ." Given the absence of any qualifications in paragraph 22 the agreement is unrestricted.Garrity v. McCaskey, supra, 5. The demand for arbitration, even if read in conjunction with paragraph 22, does not impose any restriction on the submission. The first count of the demand clearly references the claimed breach of lease arising out of the encroaching structure. While the claim for relief specifically requests demolition of the offending structure and the award of damages it also seeks "such other relief as may be deemed appropriate." Under these circumstances, the award conforms to the submission. While the claim for relief did not specifically request an order prohibiting ASTI from gaining access to the encroaching structure, the award of such relief is well within the scope of the submission because paragraph 22, by its terms, is unrestricted; because the claim for relief seeks such relief as may be appropriate; and because as a matter of equity jurisprudence the arbitrator must necessarily have considered whether there was an appropriate remedy less intrusive than the demolition of the encroaching structure. Olcott v. Pendleton,128 Conn. 292, 295 (1941).
Finally, at oral argument the applicant urged that the award in this case be vacated on the grounds that the arbitrator's decision reflects "a manifest disregard for the law." In Garrityv. McCaskey, supra, the Court concluded that "an award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52 — 418 (4) because the arbitrator has 'exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' We emphasize, however, that the 'manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Id. at 10. The applicant has not made such a showing in this case.
Accordingly, the applicant's motion to vacate, modify or CT Page 6605 correct the arbitration award is denied. The award is confirmed.
SO ORDERED.
Robert L. Holzberg, J.