[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive issue is whether the agreement to arbitrate contained in the parties' contract of employment (par. 10) supplants the plaintiff's complaint. CT Page 7099
The plaintiff, a female anesthesiologist, was hired on or about July 1, 1992 by the North Central Connecticut Anesthesia Associates, P.C. (hereinafter "defendant").
The plaintiff essentially complains that during her employment she was unfairly and illegally discriminated against in that she was denied pay and benefits equal to male employees of the defendant of similar or less rank and qualifications.
The plaintiff alleges that the defendant's conduct and treatment violated her rights as set out in sundry Connecticut and federal statutes.
"Every controversy involving the issue of arbitrability begins with the premise firmly fixed in our law that arbitration is a highly favored method of dispute resolution."Butler Associates v. New England Savings Bank, 42 Conn. Sup. 198
(1992).
"Because arbitration is a creature of contract, the parties themselves ordinarily determine the issues to be decided and define the scope of the arbitrator's power."North Haven Assn. of Educational Support Staff v. Board ofEducation, 209 Conn. 280 (1988).
The arbitration clause at issue provides as follows:
"All disputes, claims, controversies or grievances arising out of or in connection with this Agreement or the breach thereof shall be settled by arbitration in Hartford, Connecticut, in accordance with the then applicable rules of the American Arbitration Association and judgment upon the award rendered may be entered upon such award."
"Arbitrability, absent the parties' clear agreement to the contrary, is a factual question to be determined by the trial court." Welch Group v. Creative Drywall, Inc.,215 Conn. 464, 465 (1990).
The contract language is not dissimilar to the arbitration language contained in Board of Education v. Frey,174 Conn. 578 (1978) where the court held: "The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad CT Page 7100 terms to describe the scope of arbitration, such as all questions in dispute and all claims arising out of the contract of any dispute that can be adjudicated." Welch, id., p. 467.
The plaintiff submits Prudential Insurance Co. of Americav. Lai, 1994 WL 705260 (9th Cir. Cal) for the authority that a Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration.Prudential holds that employees are not bound by any valid agreement to arbitrate a Title VII dispute unless they knowingly contract "to forgo their statutory remedies in favor of arbitration." pg. 6.
The short answer to Prudential is that the facts between the case at bar and Prudential are dissimilar. In Prudential,
the plaintiff signed a contract without reading it and without knowledge that it contained an arbitration clause. Secondly, the instant case does not allege a Title VII violation; and thirdly, there is no evidence that Prudential is the law of the Second Circuit.
Further "[t]he `positive assurance' test of arbitrability — — — is the law in this state — — — `under the positive assurance test "- — — [a]n order to arbitrate the particular [dispute] should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" Board of Educationv. Frey, supra. 582.
The arbitration clause in the present action is broad since it uses the following language: "arising out or in connection with this agreement." Paragraph 10b of the Employment Contract.
When a broad arbitration clause exists, the issue as to whether the dispute should be arbitrated should be left to the arbitrators. Kainen v. Siegel, et al, supra; InternationalBrotherhood v. Trudon and Platt Motor Lines, Inc., 146 Conn. 17,20 (1958). Therefore, if the plaintiff does not consent to arbitration, then the issue as to whether this action should be arbitrated must be referred to arbitration. CT Page 7101
The issue as to whether the plaintiff's charges are arbitrable is accordingly referred to arbitration for resolution.
The defendant's motion to stay is granted.
Spada, J.