[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS 
In this action the plaintiff, State of Connecticut Department of Public Works ("State"), seeks a declaratory judgment setting the scope of an arbitration proceeding presently pending before the American Arbitration Association. That arbitration was initially commenced by the State against the defendant, Saturn Construction Co, Inc. ("Saturn") pursuant to an agreement to arbitrate contained in a construction contract (the "Contract") for the construction of the Newtown Prison. While the arbitration was proceeding Saturn commenced an action in this court in which it sought the court's interpretation of a provision of the Contract. In that action Saturn alleged that the powers of the arbitrators were limited to only those powers set forth in the arbitration clause of the Contract. By seeking the court's intervention Saturn also implicitly took the position that it was the court, and not the arbitrators, who should determine the arbitrability of the claims at issue in arbitration. The State did not take issue with Saturn's characterization of the arbitrators' limitations, the action was fully litigated in this court and a decision was issued on October 17, 1994 in the caseSaturn Construction Co., Inc. v. State of Connecticut Departmentof Public Works (Sheldon, J.).
Now the State has sought the intervention of this court for the same purpose as Saturn did. However, Saturn has moved to dismiss this case on the grounds that the court has no subject matter jurisdiction to decide the issues raise in the complaint.
Subject matter jurisdiction has been defined by our Supreme Court as "the power of the court to hear and determine cases of the general class to which the proceedings in question belong."Grant v. Bossmen, 221 Conn. 465, 470, 604 A.2d 814 (1990). Whenever the subject matter jurisdiction of the court is questioned "every presumption favoring jurisdiction should be indulged." Killingly v. Connecticut Siting Council, 220 Conn. 516,522, 600 A.2d 752 (1991), quoting Demar v. Open Space Conservation Commission, 211 Conn. 416, 425, 559 A.2d 1103
(1989).
The arbitrability of a dispute is a legal question for the court unless the parties have clearly agreed to submit that question to arbitration. The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as `all questions in dispute and all claims CT Page 3129 arising out of the contract or any dispute that cannot be adjudicated' Policemen's Firemen's Retirement Board v.Sullivan, 173 Conn. 1, 6, 376 A.2d 399 (1977); Gary Excavating.Inc. v. North Haven, 164 Conn. 119, 122-23, 318 A.2d 84 (1972);College Plaza, Inc. v. Harlaco. Inc., 152 Conn. 707, 707-708,206 A.2d 832 (1965); Connecticut Union of Telephone Workers. Inc. v.Southern New England Telephone Co., 148 Conn. 192, 196-97,169 A.2d 646 (1961)." Board of Education v. Frey, 174 Conn. 578, 580,581, 392 A.2d 466 (1978).
 The arbitration agreement set forth in the Contract provides:
 Any dispute arising out of the awarding of the contract for this project by the Commissioner of Administrative Services, or the performance thereunder, shall be submitted to arbitration under the rules of the American Arbitration Association. Hartford, Connecticut shall be the locale where the arbitration is to be held.
In Board of Education v. Frey, 174 Conn. 578, 580, 581,392 A.2d 466 (1978) the collective bargaining agreement in question limited arbitration to "grievance[s] . . . based solely upon an alleged breach of [the] agreement." The Court held that such language was not sufficiently broad to permit the arbitrators to determine the issue of arbitrability. Similarly, the language of the arbitration provision of the Contract permitting arbitration of "any dispute arising out of the awarding of the contract. . .or performance thereunder" is not sufficiently broad to evidence the parties' intent to submit all issues, even the issue of arbitrability, to the arbitrators.
The question of who was able to decide arbitrability was not a stated issue in the aforementioned litigation commenced by Saturn. However Saturn took the position in that suit that it was the court, and not the arbitrators, who could properly interpret the contract. Such a position is clearly antithetical to the one Saturn now advances, which is that the arbitrators have the power to decide all issues between the parties and the court is without jurisdiction to decide any issues.
Notwithstanding the position it took in the prior litigation, Saturn now argues that the arbitrators' powers with respect toSaturn's counterclaims are not determined by the arbitration provision of the Contract, but instead, by Connecticut General CT Page 3130 Statutes § 4-61 (e). This argument ignores Saturn's own conduct in the arbitration proceedings and defies common sense.
Connecticut General Statutes § 4-61 waives the State's sovereign immunity with respect to claims arising from various types of construction contracts to which the State is a party. The statute permits a contractor to bring an action based on its contract with the State in Superior Court or to arbitrate its claims against the State.
Section 4-61 (e) also sets forth the powers of the arbitrators, which are broader than those conferred under the contractual provision at issue. However, statutory provisions concerning parties' rights may be waived if so intended by contract, Bialowans v. Minor. 209 Conn. 212, 218, 550 A.2d 637
(1988), or actions of the parties. Frito-lay, Inc. v. Planning Zoning Com'n, 206 Conn. 554, 563, 564, 538 A.2d 1039 (1988).
In this case Saturn signed the Contract which contained an arbitration provision which was different from that contained in § 4-61 (e). The State's Demand for Arbitration recited the Contract arbitration provision. Saturns answers and counterclaims in the arbitration made reference to that arbitration provision but made no mention at all of § 4-61 (e). In addition, Saturn has previously asked the Court to determine the scope of the arbitration proceedings. Based on the foregoing, it appears that Saturn has waived the right to assert that the arbitration provisions of § 4-61 (e) should govern, rather than the provision set forth in the Contract.
Even absent Saturn's prior conduct, its argument that the arbitrators should have limited powers with respect to the State's claims, but unlimited powers with respect to Saturn's counterclaims, defies the tenets of rational procedure and common sense.
Saturn contends that the court should dismiss this action even if it finds that the court, and not the arbitrators, should determine arbitrability. However, if jurisdiction to determine the issue of arbitrability lies with this court, then the Motion to Dismiss must be denied.
For the reasons set forth above, the court finds that it does have jurisdiction in this case. Therefore, the Motion to Dismiss is denied. CT Page 3131
By the court,
Aurigemma, J.