[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS FOR STAY
The defendant in the two cases under consideration has moved for a stay of proceedings so that the issues may be arbitrated. For purposes of these motions, the following facts are not disputed. The parties entered into a written ten-year lease effective December 1, 1986. The lease would naturally expire on November 30, 1996; there was no holdover provision. Included in the lease wa an arbitration provision, which provided, in relevant part:
 If and when any dispute or question shall arise between the Lessor and the Lessee relative to this lease or anything herein contained, or a construction hereof, or the rights, duties and liabilities of either party in relation thereto, the matter in difference shall be referred to arbitration. . .
In October, 1996, the plaintiff as lessor, instituted a summary process action against the lessee on the ground of nonpayment of rent; this action was withdrawn after the defendant pleaded a special defense alleging the arbitration requirement. After the expiration of the lease the plaintiff again instituted a summary process action, which is the one under consideration in this case. The plaintiff also served a civil action, also under consideration here, to recover rent claimed to be due September CT Page 9687-a 1, 1996, and thereafter. Relying on the arbitration language quoted above, the defendant has moved for a stay pending arbitration.
Although arbitration proceedings are unusual in the summary process context, they are not unheard of and are conceptually possible. See, e.g., Mayron's Bake Shops, Inc. v. Arrow Stores,Inc., 149 Conn. 149, 154 (1961). Especially where the language of the agreement to submit disputes to arbitration is phrased broadly and inclusively, arbitration is favored and doubts are to be resolved in favor of submission to arbitration. Board ofEducation v. Frey, 174 Conn. 578, 582 (1978). If the circumstances indicate that the stay has been requested largely for purposes of delay, a stay may be denied; Dewey v. Ryan, H-1076, SPN 85923, 16 CONN. L. RPTR. 610 (Housing Session 1996) (DiPentima, J.); and if the scope of the submission is specific and narrowly drawn, matters outside the specific area of agreement will not be referred to arbitration. See Town of Berlinv. Genovese, H-1025, (Housing Session, 1994) (Holzberg, J.) (agreement which restricted submissions to arbitrations to disputes "as to the meaning of the terms of this agreement" did not require submission of a summary process action to arbitration).
In distinction to Dewey, supra, and Genovese,supra, the facts underlying the instant matter require the conclusions that the arbitration clause is very broadly written and that the defendants have consistently sought arbitration, even before the instant cases were instituted. Although the plaintiff claims quite correctly that the lease expired before the actions were brought, the facts remain that the notice to quit states as a reason that the defendant "originally had the right or privilege to occupy the premises. . .", and the complaint specifically references the lease agreement. Further, the language of the arbitration is so broad that disputes as to rent and rights of possession are covered by the language of the arbitration clause quoted above, especially if any doubts are resolved in favor of arbitration.
The civil matter under consideration specifically refers to rent due under the lease agreement. It, therefore, rather clearly is subject to the arbitration clause.
The motions for stays are therefore granted. Arbitration should proceed with reasonable speed. CT Page 9688
Beach, J.