[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action filed by Carter, Morse Company, in D.N. 407162, to confirm an arbitration award; and an application filed by Frank Perrotti, et al, in D. N. 406417, to vacate the arbitration award.
The plaintiff Carter, Morse Company and the defendant Frank Perrotti were parties to a contract in which the plaintiff undertook to provide advisory services to the defendant to obtain substantial financing for the defendant's businesses. Frank Perrotti entered into the contract in his individual capacity and on behalf of ten corporations of which he is president, all of which are also defendants. The plaintiff was to receive a fee of $20,000 and a percentage of any debt or equity financing received by or made available to the defendant through the efforts of the plaintiff.
The contract contained an arbitration clause that specified that "[a]ny controversy arising from, or related to this Agreement shall be determined by arbitration . . . in accordance with the Rules of the American Arbitration Association . . . ." The contract was signed by the plaintiff on September 26, 1996 and by the defendant on September 30, 1996. By March of 1997, a dispute had arisen over the plaintiff's fee. The plaintiff made a demand for arbitration, which was resisted by the defendant. After much wrangling, arbitration proceeded before three arbitrators under the auspices of the American Arbitration Association (AAA) on September 4 and 5, 1997. By date of October 6, 1997, the arbitrators rendered their decision, unanimously finding against the defendant and awarding compensation to the plaintiff in the sum of $357,282.80, plus certain costs associated with the arbitration.
This court heard the parties on December 15, 1997. The defendant claims that AAA did not properly consider the question of whether the dispute was arbitrable and that it did not follow CT Page 1420 its own rules in constituting the arbitration panel. There is no merit to the defendant's claims.
ARBITRABILITY
The defendant claims that the arbitrability of the dispute was not properly considered in two ways: first by not allowing the defendant to be heard on the issue of arbitrability before
the actual arbitration took place, and second by finding the question of the plaintiff's entitlement to compensation to be a proper subject for arbitration.
The arbitration clause in the contract, paragraph 10, provides for the arbitration of [a]ny controversy arising from, or related to this Agreement . . . ." Paragraph 2 specifies the formula for calculating the fees payable to the plaintiff for services rendered. Paragraph 3 provides that although either party may terminate the plaintiff's engagement by providing ten days' written notice, paragraphs 2 through 10 "shall survive any termination of this Agreement . . . ."
In construing similar language in contracts, the Supreme Court has "consistently held that under such broad and all-embracing language the question of what is subject to arbitration is for the arbitrators themselves. College Plaza. Inc. v.Harlaco. Inc., 152 Conn. 707, 708 (1965). The fact that the question of arbitrability was reserved to the arbitrators at the formal arbitration, and not decided as a preliminary matter, is of no consequence.
The defendant also claims here that the dispute between the parties was somehow over money that changed hands (or failed to change hands) as a result of some other transaction outside the scope of that contemplated by the contract; and thus that the arbitrators exceeded their powers in their award to the plaintiff. As courts have found in similar situations, this assertion by the defendant "is but a thinly veiled attempt to have the award vacated on the ground that it was not supported by any evidence presented at the hearing." O G/O'Connell JointVenture v. Chase Family Limited Partnership No. 3, 203 Conn. 133,154 (1987). This court does not conduct a trial de novo, nor, in the absence of egregious error by the arbitrators, does it have the authority to review the record to determine the sufficiency of the evidence in support of an arbitration award. Id., 155. CT Page 1421
The dispute was wholly of a kind contemplated by and arbitrable under the contract.
PARTIALITY OR MISCONDUCT BY THE ARBITRATORS
The defendant further claims that the award should be vacated because one or more of the arbitrators had had previous professional contact with counsel for Carter, Morse 
Company.[1] The defendant has submitted evidence that the son of one of the arbitrators had been represented some ten years before by the lawyer for Carter, Morse in a personal injury case that had settled for $20,000.
Another of the arbitrators was a member of a law firm that had retained a partner of Carter Morse's lawyer to negotiate a lease. Neither that arbitrator nor Carter Morse's counsel was otherwise involved in the transaction.
Both of these professional contacts were disclosed to the parties before the panel was formally constituted. The defendant objected to the appointment of Arbitrator Browning whose son had been a former client of the Carter Morse lawyer. The appointment of Browning was nonetheless made by AAA over this objection.
Conn. Gen. Stat. Sec. 52-418 requires the court to vacate an arbitration award if the court finds that the award was procured by corruption, fraud, or undue means; that there was partiality or corruption on the part of any arbitrator; that there was misconduct by an arbitrator by which the rights of any party have been prejudiced; or that the arbitrators exceeded or imperfectly executed their authority. There is a total absence of proof of any one of these criteria.
The prior representation by a party's lawyer of a trier's family member, terminated a decade before, cannot reasonably be seen as having any effect on the impartiality of the arbitrator, nor would it warrant disqualification of an administrative adjudicator, or even a judge. There is no evidence of any interest that Mr. Browning could conceivably have in the outcome of the proceeding, pecuniary or otherwise, his former contacts with the plaintiff's lawyer being "too remote and nebulous" to require disqualification. See Petrowski v. Norwich Free Academy,199 Conn. 231, 242 (1986).
CONCLUSION CT Page 1422
The court finds no criterion which would require the court to vacate the arbitration award. Accordingly, the defendant's Application for Order to Vacate Arbitration Award denied; and the plaintiffs Application for Order Confirming Arbitration Award is granted. The court reserves decision only on the issue of interest and attorney fees.[2]
The plaintiff Carter Morse shall be entitled to submit an affidavit and supporting documentation on the issue of interest and attorney fees for consideration by the court on or before February 12, 1998, with a response from the defendant Frank Perrotti, et al., on or before February 19.
Patty Jenkins Pittman, Judge