[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the application of Akash Jain ("Jain") to vacate the arbitration award and a motion to confirm the award. The court has reviewed the same, as well as the briefs of both parties and documents submitted therewith including, but not limited to, the submission, the arbitrator's award, the employment agreement, the employment patent and confidential information agreement, the non-interference agreement, excerpts from transcripts of the arbitration hearing, and certain exhibits received into evidence at the hearing. Having fully considered the arguments of both counsel, the court denies the application to vacate the award and grants the motion to confirm.
Firstly, the court finds that the dispute was arbitrable, including the issue of arbitrability decided by the arbitrator. The broad terms used by the parties in their arbitration clause to describe the scope of the arbitration clearly renders these disputes arbitrable. See Board of Education v. Frey,174 Conn. 578, 392 A.2d 466 (1978).
Jain's claim that the award was procured by fraud or corruption lacks any basis in the evidence and must be rejected.. His claim of duress in the signing of the agreement also rings hollow in light of the time of the advancement of this claim, and the retention of substantial benefits under the employment agreement. Proof of Jain's intent to disaffirm the agreement is sorely lacking. See Young v. Data Switch Corp. , 231 Conn. 95,646 A.2d 852 (1994). Further, the arbitrator's failure to admit an internal memorandum and a revised draft did not constitute misconduct nor did it deprive Jan of a fair hearing. C.G.S. §52-418 (a)(3).
The arbitrator did not exceed her powers by awarding money damages. The arbitration clause clearly allows for such money damages and the award therefore conforms to the submission. Brunov. Department of Consumer Protection, 190 Conn. 14, 458 A.2d 685
(1983).
Finally, the court cannot find that the arbitrator erroneously made an award in violation of public policy.
The application to vacate the arbitrator's award is denied, and the motion to confirm the arbitration award is granted.
D'ANDREA J CT Page 4336