## THE WELCH GROUP, INC. *v.* CREATIVE DRYWALL, INC. (13844)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued April 10—decision released June 26, 1990

*Thomas G. Librizzi,* with whom, on the brief, was *Mary A. Glassman,* for the appellant (plaintiff).

*James N. Royster,* with whom, on the brief, was *Karen W. Francolini,* for the appellee (defendant).

COVELLO, J. This is an appeal from a judgment that denied the plaintiff's application for an injunction restraining the defendant from proceeding with arbitration. The parties disagreed as to whether their dispute was arbitrable. The sole issue presented is whether the arbitrability of the dispute was to be determined

by the arbitrator or by the trial court. We conclude that arbitrability, absent the parties' clear agreement to the contrary, is a factual question to be determined by the trial court. Therefore, we reverse the judgment of the trial court and remand the matter for further proceedings.

Examination of the record discloses the following factual and procedural history that is not in dispute. On February 15, 1989, the plaintiff, The Welch Group, Inc., signed a contract with the defendant, Creative Drywall, Inc., whereby the defendant was to perform certain services for the plaintiff in connection with a construction project known as Bigelow Commons, Phase II, in Enfield. The parties' agreement incorporated by reference the terms of an earlier agreement between the plaintiff and Bigelow Construction Corporation, the general contractor for the project.

The incorporated text contained two paragraphs concerning disputes. The first of such paragraphs stated: "All claims, disputes and other matters in question . . . arising from or relating to this Agreement or breach thereof shall be decided by any court having jurisdiction thereof. . . ."[1] The second paragraph pro-

---

[1] The full text of the two provisions here in issue are as follows:

"18.1 All claims, disputes and other matters in question between parties to this Agreement arising from or relating to this Agreement or the breach thereof shall be decided by any court having jurisdiction thereof. All such claims, disputes and other matters in question (including without limitation, any claims, disputes, and matters in question which are initially referred to the Architect in accordance with Article 2.2.12 of the General Conditions) shall be aggregated for trial in a single lawsuit. . . .

"18.2 All claims, disputes and other matters in question not involving more than the sum of One Hundred Thousand Dollars ($100,000) arising out of, or relating to, this Agreement or the breach thereof, except with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under prevail-

vided: "All claims, disputes and other matters in question not involving more than the sum of One Hundred Thousand Dollars ($100,000) arising out of, or relating to, this Agreement or the breach thereof . . . shall be decided by arbitration . . . unless the parties mutually agree otherwise. . . ."

On May 9, 1989, the defendant filed eight separate demands for arbitration with the American Arbitration Association claiming in each instance that: "It is owed money for base contract work and for numerous separate items of extra work. . . . The amount of money involved in this demand is less than $100,000." The plaintiff filed the instant action claiming: (1) that the disputed amount for "base contract work" was $367,198.22; (2) that the disputed amount for "extra work" was $355,891.21; and (3) that the matter was therefore not subject to arbitration since the claims were in excess of $100,000.

On September 11, 1989, following a contested hearing, the trial court concluded that the threshold issue of the arbitrability of this dispute was to be determined

ing arbitration law. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations. The award rendered by the arbitrator shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. Unless otherwise agreed in writing, the Subcontractor shall carry on the Work and maintain the Date of Substantial Completion during any arbitration proceedings, and the Contractor shall continue to make payments in accordance with the Agreement. All claims which are related to or dependent upon each other, shall be heard by the same arbitrator even though the parties are not the same unless a specific contract prohibits such consolidation. A single arbitrator, selected in accordance with the Construction Industry Rules, shall be used to arbitrate all claims, disputes, and questions subject to arbitration under this Article."

by the arbitrator. The trial court therefore rendered judgment denying the plaintiff's application for an injunction. The plaintiff appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

"Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also." *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 (1967). "The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as 'all questions in dispute and all claims arising out of' the contract or 'any dispute that cannot be adjudicated.' " *Board of Education* v. *Frey,* 174 Conn. 578, 581, 392 A.2d 466 (1978).

Further, "[t]he 'positive assurance' test of arbitrability . . . is the law in this state. . . . 'Under the positive assurance test ". . . [a]n order to arbitrate the particular [dispute] should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." ' *Board of Education* v. *Frey,* supra, 582." (Emphasis in original.) *John A. Errichetti Associates* v. *Boutin,* 183 Conn. 481, 488–89, 439 A.2d 416 (1981).

The defendant relying on what it characterizes as the "broad terms" of the arbitration clause, asks us to focus on the language "[a]ll claims, disputes and other matters in question . . . arising out of, or relating to, this Agreement or the breach thereof . . . shall be decided by arbitration." The defendant argues that this language is nearly identical to the "broad terms" specifically identified in *Board of Education* v. *Frey,* supra,

and that under the "positive assurance test," it is entitled to a construction of the contract in favor of a determination of arbitrability by the arbitrator. We do not agree for two reasons.

First, the defendant's characterization of this paragraph as containing the "broad terms" found in *Board of Education* v. *Frey, supra,* overlooks the limiting or qualifying language contained in the same sentence, i.e., "not involving more than One Hundred Thousand Dollars ($100,000)." Second, the defendant's argument does not address the unqualified language of Paragraph 18.1 that "[a]ll claims, disputes and other matters in question between the parties to this Agreement arising from or relating to this Agreement or the breach thereof *shall be decided by any court having jurisdiction thereof."* (Emphasis added.) Thus, when viewed in its totality, the contract expresses the intent that all claims and disputes are to be decided in the first instance by a court, subject to a limited exception for those matters in dispute that are less than $100,000.

We conclude that the trial court should have determined the issue of the arbitrability of this dispute. We therefore remand this case for an evidentiary hearing to determine whether the dispute involved separate claims each less than $100,000 or one large claim in excess of $100,000 that has been divided into smaller parts for the purpose of meeting the arbitration threshold.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.