[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant moves to dismiss the complaint on the grounds that: 1) the plaintiff waived judicial review of the issue of the arbitrability of its claim by submitting this issue to arbitration; and 2) that the court lacks subject matter jurisdiction because the plaintiff failed to notify the Attorney General, in writing, within five days of filing its application to vacate the arbitration award.
On March 9, 1995, Town Manager Keith Chapman (Chapman) held a formal disciplinary hearing regarding an internal affairs complaint against Police Officer Peter Laverty (Laverty). On May 11, 1995, Chapman issued a written decision to suspend Laverty for five days. A grievance complaint form was forwarded to the plaintiff International Brotherhood of Police Officers' district office in Cromwell, Connecticut to Connecticut Director Santo Franzo and, in May, 1995, Director Franzo requested arbitration of Laverty's five day suspension.
On July 3, 1996, the Connecticut State Board of Mediation and Arbitration (SBMA) held a hearing to determine whether the plaintiff's challenge of Laverty's five day suspension was arbitrable. The arbitration panel looked to Article XXI[1] of the Working Agreement, which set forth the following four step grievance process: (1) aggrieved employee shall submit the grievance verbally to the Shift Commander who shall respond verbally within forty-eight hours; (2) if the aggrieved employee is not satisfied by the Shift Commander's response, he shall submit the grievance in writing to the head of the Department who CT Page 6492 shall use his best efforts to resolve the dispute and make a written decision within five days of receiving the grievance; (3) if the aggrieved employee is not satisfied with the Department's decision, he shall submit the grievance in writing to the Town Manager who shall issue a written decision within ten days after receiving the grievance; (4) if the aggrieved employee is not satisfied with the Town Manager's decision, he may submit the grievance to the SBMA whose decision shall be final and binding.
On December 4, 1996, the arbitration panel issued a ruling finding that, because the plaintiff bypassed steps one through three of the grievance procedure set forth by the Working Agreement, Laverty's suspension was not arbitrable.[2]
On February 5, 1997, the plaintiff filed an application to vacate the arbitration award pursuant to General Statutes §52-418. In support of its application to vacate the arbitration award, the plaintiff attached a copy of the Working Agreement (Exhibit A) and a copy of the SBMA's ruling (Exhibit B).
On February 7, 1997, the defendant filed a motion to dismiss the plaintiff's application to vacate the arbitration award on the ground that the court lacks subject matter jurisdiction. In support of its motion, the plaintiff attached a supporting memorandum of law, a copy of the Working Agreement (Exhibit #1) and the SBMA's ruling (Exhibit #2).
On February 27, 1997, the plaintiffs filed an objection to the defendant's motion to dismiss along with a supporting memorandum of law, a copy of the Working Agreement (Exhibit A), a copy of the SBMA's ruling and a certified copy of the officer's return (Exhibit C). On March 7, 1997, the defendant filed a memorandum in reply and, on March 3, 1997, the plaintiff filed a memorandum in reply.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Maver, 218 Conn. 531, 544, 590 A.2d 914 (1991);Third Taxing District v. Lyons, 35 Conn. App. 795, 803,647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). "A motion to dismiss tests, inter alia, whether, on the face of the record, CT Page 6493 the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983).
I. Waiver of Arbitration
The defendant argues that the court lacks subject matter jurisdiction because the plaintiff has waived its right to seek judicial review of an arbitration award. The defendant argues that the plaintiff waived judicial review of the issue of arbitrability because the plaintiff submitted the issue of arbitrability to a panel of arbitrators and, although they were not authorized by the Working Agreement to determine arbitrability, and the arbitrators decided that the plaintiff's claim was not arbitrable. The plaintiff counters that because it explicitly submitted the issue of arbitrability to arbitration, the plaintiff has not waived judicial review.
General Statutes § 52-418 (a) states that "[u]pon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
"Whether a particular dispute is arbitrable is a question of fact for the court, unless . . . the parties have agreed to arbitrate that question . . . ." (Citations omitted.) Welch Groupv. Creative Drywall, Inc., 215 Conn. 464, 467, 576 A.2d 153
(1967); see also Weltz Co. v. Shoreline Case Ltd. Partnership,39 Conn. App. 641, 644, 666 A.2d 835 (1995).
"[T]hreshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying CT Page 6494 dispute. . . ." (Citation omitted) New Britain v. ConnecticutState Board of Mediation and Arbitration, 178 Conn. 557, 560,424 A.2d 263 (1979). "In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration." Id.; Waterbury Board of Education v. WaterburyTeachers Assn., 168 Conn. 54, 63, 357 A.2d 466 (1975). InWaterbury Board of Education v. Waterbury Teachers Assn., supra,168 Conn. 62, the court observed that its respect for the autonomy of the arbitration process "dictates that we recognize the waiver principle" and cautioned that "[t]he effect of this recognition is to place a burden upon the parties, in the situation where the question of arbitrability is not [expressly] reserved to the arbitrator, to frame the submission carefully . . . and, if necessary to protect their objections, to seek judicial reconciliation of [such] threshold questions prior to submitting to arbitration."
The defendant argues that the Working Agreement between the parties did not explicitly or implicitly grant the arbitrators the authority to decide issues of arbitrability. See Bridgeportv. Bridgeport Police Local 1159, 183 Conn. 102, 105,438 A.2d 1171 (1981) (finding that the all-inclusive language of the collective bargaining agreement required a determination of whether the parties intended that issues of arbitrability be determined by the arbitrators); Policemen's Fireman'sRetirement Board v. Sullivan, 173 Conn. 1, 5-6, 376 A.2d 399
(1977) (finding that the broad language in the agreement authorized the arbitrators to decide issues of arbitrability).
Here, the Working Agreement does not contain any language explicitly authorizing the arbitrators to decide issues of arbitrability and the Working Agreement does not contain any broad or all-inclusive language that implicitly authorizes the arbitrators to decide the arbitrability issues.
In support of its argument that the plaintiff waived judicial review of the arbitrability issue, the defendant, in its reply memorandum, relies on White v. Kampner, 229 Conn. 465,641 A.2d 1381 (1994). In White v. Kampner, supra, the plaintiff and defendants entered into a management contract which contained two clauses pertaining to the arbitrability of a dispute: a "mandatory negotiation" clause and an arbitration clause. Id., 467-68. Under the mandatory negotiation clause, the parties were required to negotiate in good faith in at least two sessions CT Page 6495 before either party sought to resolve a dispute through arbitration. Id. Over the defendants' objection, the plaintiff sought arbitration of a dispute without participating in a negotiation session. Id., 468-69. After the arbitrators decided in the plaintiff's favor, me negotiation session. Id., 468-69. After the arbitrators decided in the plaintiff's favor, the defendants sought to vacate the arbitration award. Id. "The trial court found that the parties, during the hearing before the arbitrator, had submitted the issue of arbitrability to the arbitrator, but only in the context of an objection to the entire proceeding . . . before the arbitration evidence began" Id., 469. The trial court granted the defendants' motion to vacate the arbitration award "[b]ecause no negotiation sessions occurred and because the defendants preserved their right to have the court determine arbitrability." Id. On appeal, the Supreme Court reversed the Appellate Court's decision to reverse the trial court decision to vacate the arbitration award. Id., 479. In reaching this decision, the court noted that "[w]e have held that there are two procedural routes by which a party may preserve the issue of the arbitrability of a particular dispute for judicial determination. First, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute. . . . In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration. Thus, the mere conformity of me submission to the award does not foreclose the court from reviewing whether that award is in violation of the parties' agreement. This is not to say that the parties may not waive procedural limits. . . . Parties may not forego objections to arbitration, gambling upon a favorable result and, when losing . . . raise the procedural defects in a motion to vacate. We have held that a party who voluntarily submits a dispute to arbitration without objecting to the arbitrability of the dispute waives judicial review of that issue." (Brackets omitted; citations omitted; internal quotation marks omitted.) Id., 476-78.
Here, unlike the defendants in White v. Kampner, supra,229 Conn. 465, the plaintiff i did not object to the arbitrators deciding the arbitrability issue; rather, it was the plaintiff that submitted the issue of arbitrability to arbitration. CT Page 6496 Therefore, the plaintiff waived judicial review of the arbitrability issue.
Moreover, in its reply memorandum, the plaintiff argues thatWhite v. Kampner, supra, 229 Conn. 465, is irrelevant because the plaintiff is not arguing that the panel did not have the authority to decide the issue of arbitrability; rather, the plaintiff is arguing that the properly authorized panel reached the wrong conclusion. However, Article XXI (c)(2) of the Working Agreement states that decisions "rendered by the Arbitrator or Arbitrators shall be final and binding upon both parties." Given that the plaintiff concedes that the panel was authorized to decide the arbitrability issue and that the Working Agreement states that the arbitrator's decisions are final and binding, the court does not have subject matter jurisdiction to decide the plaintiff's motion to vacate the arbitration award. Accordingly, the defendant's motion to dismiss is granted.
II. Notice to Attorney General
Because the plaintiff waived judicial review of the arbitrability issue, the court need not and does not address the issue of whether the plaintiff properly notified the Attorney General.
Hennessey, J.