[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action are partners in the defendant accounting partnership, along with the individual defendants. They have filed a seven-count complaint, alleging breach of fiduciary duty, fraud, tortious interference, unfair trade practices and civil conspiracy on the part of the individual defendants and seeking a judicial dissolution of the partnership, appointment of a receiver, an accounting, repayments by the defendants of alleged improper compensation and other payments from partnership assets and damages. The defendants have moved to compel arbitration and to stay proceedings pending arbitration.
Article IX of the partnership agreement contains the following language: "Any controversy between or among the Partners or any claim of any one or more of them. . . , arising out CT Page 2441 of or relating to this contract . . . shall be subject to arbitration". It is difficult to imagine a broader statement of the partners' agreement to submit disputes to arbitration, and, stripped to its essentials, the plaintiffs' complaint describes a series of disputes between them and their partners about such issues as management control, access to partnership books and records, improper uses of partnership assets and improper payments to other partners.
Nevertheless, the plaintiffs oppose the defendants' motion on several grounds. They claim that the defendants have waived their right to submit the disputes to arbitration because they did not file their motion to compel until six months after the action was filed. If the disputes are arbitrable, however, the action should never have been brought, and I do not see how the relatively short delay in raising the issue should foreclose the defendants from having a determination of the basic question of arbitrability vel non. Cf. A. Sangivanni Sons v. F. M. Floryan Co., 158 Conn. 467, 474-76 (1969).
The plaintiffs also claim that the allegations made in their complaint are beyond the scope of the arbitration clause in the partnership agreement. As indicated above, comparing the very broad language of the agreement with the factualallegations of the complaint, as opposed to its legal labels and conclusions, this does not seem to me to be the case. And, "the `positive assurance' test of arbitrability . . . is the law in this state. . . . Under the positive assurance test `an order to arbitrate the particular [dispute] should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage'". Welch Group, Inc. v. Creative Drywall, Inc.,215 Conn. 464, 467 (1990), quoting Board of Education v. Frey,174 Conn. 578, 582 (1978) (emphasis in original.) The facts that the defendants have instituted separate collection actions against clients or former clients of the accounting firm and that one of the named defendants is now retired from the firm have no bearing at all on the arbitrability of the issues raised by the plaintiffs' complaint. See A. Sangivanni Sons v. F. M. Floryan Co., Inc., supra at 474.
Finally, the plaintiffs claim that they were fraudulently induced to enter into the partnership agreement; therefore, they should not be bound to the arbitration clause. The law is clear, CT Page 2442 however, that it is only if the inclusion of the arbitration clause, itself, was induced by fraud that a party to an agreement can avoid its application, and then only if that party is seeking to void the entire agreement as opposed to affirming it and suing for damages. See A. Sangivanni Sons v. F. M.Floryan Co., Inc., supra at 471-73; Fidelity Deposit Co. ofMaryland v. Hewitt, Superior Court, Judicial District of Hartford/New Britain, Docket No. 93-523652 (June 29, 1995).
Section 52-409 of the General Statute requires a court to stay proceedings in any action brought by a party to an agreement to arbitrate if the court is satisfied that "any issue" involved in the proceeding is referable to arbitration and that the party seeking the stay is "ready and willing" to go to arbitration. Since I am satisfied on both counts, I must and do stay all proceedings in this action, including all discovery proceedings. Pursuant to Section 52-410, C.G.S., I order the parties to proceed with the arbitration in compliance with their agreement.
The defendants' motion (#107) is granted.
BY THE COURT
Shortall, Judge