[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Andrew Banores filed this action in November of 1998, alleging breach of contract, fraud, tortious interference, and unfair trade practices against the defendants. He now moves to stay the action and compel the defendants to arbitrate before the American Arbitration Association.
The plaintiff and three of the defendants, Steven Riviere, Carlo Vona, and Louis Imperia, were shareholders in a business enterprise known as Paramount Stone Company (also a defendant). Banores, Riviere, Carlo Vona, and Louis Imperia were all signatories on a shareholder agreement that Banores claims requires them to arbitrate their dispute. The two other defendants are Grace Vona and Linda Imperia, who were elected directors of the company but who were neither shareholders nor signatories of the agreement and against whom the plaintiff concedes he has no grounds to compel arbitration.
The shareholder agreement was executed on February 15, 1992. It contains a provision that prohibits the four shareholders from operating or working for any competitor of Paramount Stone in a fifty mile radius of Stamford within three years after terminating their association with Paramount. It provides that Riviere and Banores will be employees of the company, to be compensated as decided by the Board of Directors. All four shareholders were to receive equal distributions of the profits of the corporation on an annual basis with provisions for an adequate reserve.
Banores alleges that in 1995 the company wrongfully terminated his employment. He alleges that the company failed to make proper distribution to him of available profits under the shareholder agreement. He claims that the other shareholders never intended to carry out their obligations to him under the shareholder agreement. Rather they hired him and used his CT Page 9654 expertise and customer list to make the company successful, intending all along to defraud him of his share of the profits.
Before the plaintiff filed this lawsuit, the defendants filed their own action in the Judicial District of Stamford-Norwalk CV 97-157621, Paramount Stone Corporation vs. Banores, alleging that the plaintiff breached the noncom petition clause in the shareholder agreement when he went to work for a competitor. In that action, Banores successfully moved for arbitration pursuant to the arbitration clause in the shareholder agreement which reads:
 Article XIII. ARBITRATION. In the event of a dispute or controversy under or relating to this Agreement, it shall be submitted to arbitration for resolution, which arbitration shall be conducted in Stamford or Norwalk, Connecticut . . . before one arbitrator, in accordance with the rules of the American Arbitration Association them in effect. The decision of the arbitrator shall be binding on the parties and judgment upon the award or determination rendered by the arbitrator may be entered in any Court having jurisdiction thereof. The arbitrator shall limit its judgment to the matters permitted to be submitted to it under the express terms of this Agreement.
That same arbitration clause, the plaintiff claims, obligates all four shareholders — and by extension the Company itself — to participate in binding arbitration of his current claims in this lawsuit that he was defrauded by his colleagues. The defendants argue that the types of claims that the plaintiff seeks to have adjudicated are not ones that arise under the shareholder agreement, that claims regarding fraud and violation of the Connecticut Unfair Trade Practices Act are outside the four corners of the shareholder agreement.
What the plaintiff seeks by way of either litigation or arbitration are those things he claims are rightfully his according to the agreement. The legal theories under which he claims he was deprived of these things sound in fraud, breach of contract, tortious interference with contract rights, and violation of the prohibition of unfair trade practices. As to some of these claims the defendants may have procedural defenses, such as the failure to make a claim within the time set forth in the statute of limitations. As to some, the defendants may have substantive defenses. But as to all it is clear that the issues CT Page 9655 involve a dispute or controversy under or relating to this [shareholder] Agreement," and out of the formation and running of the business known as Paramount Stone Company.
The court is satisfied that the express agreement of the parties to arbitrate controversies arising out of their agreement covers the allegations made by the plaintiff in this matter.Welch Group, Inc. v. Creative Drywall, Inc., 215 Conn. 464,467-68 (1990). The plaintiff has not waived his right to have those matters arbitrated by the filing of this action and the subsequent motion to stay the proceedings to allow arbitration to go forward.
There is no agreement with the defendants Grace Vona and Linda Imperia to arbitrate, however, and the current action against them remains active, unless the parties agree otherwise.
As to the defendants Steven Riviere, Carlo Vona, and Louis Imperia, and as to the corporate defendant Paramount Stone formed under the agreement among the parties, the court grants the application to proceed with arbitration.
Patty Jenkins Pittman Judge of the Superior Court