[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS-APPLICATIONS TO VACATE AND TO CONFIRM ARBITRATION
The plaintiff Marina Lussier originally filed this action on June 29, 1999, against the defendants Robert Spinnato and Peter Ranciato, both defendants doing business as Statewide Renovations, which will be referred to in this memorandum as the defendant. The plaintiff alleged that she entered into a written contract with the defendant to do construction work on her existing single family home. She further alleged in a four count complaint that the defendant failed to complete the work CT Page 8730 properly. The counts are for breach of contract; negligence; unfair trade practices; and breach of warranty.
Some months before commencing the lawsuit, the plaintiff had filed a demand for arbitration, making similar claims. The defendant had responded by filing a cross-claim in the arbitration, alleging that Statewide had not been fully paid for the work it had performed under the contract. The arbitration clause in the written contract states: "Any controversy or claim arising out of or relating to this AGREEMENT, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction."
The plaintiff then filed a motion in this action to stay the arbitration, and amended her complaint to add a claim for a declaratory judgment that the contract was null and void because it did not comply with the Home Improvement Act, Conn. Gen. Stat. § 20-418 et seq. The court denied the motion for stay and the arbitration went forward.
The arbitrator rendered an award on February 20, 2000. The arbitrator entered a net award to the defendant Statewide for $44,000, plus certain costs of arbitration. On March 15, 2000, the plaintiff filed an application to vacate the arbitration award. She also filed a motion for summary judgment on Count Five of her amended complaint that alleged a violation of the Home Improvement Act. The defendant filed an application to confirm the award. This memorandum addresses all these issues.
The plaintiff's main claim is that the contract was void because of the failure to comply with the Home Improvement Act. She claims that if the entire contract is unenforceable pursuant to the provisions of Conn. Gen. Stat. § 20-429, then the arbitration clause is invalid and the arbitrator's award is void. The defendant claims that the validity of the contract itself was the subject of arbitration given that the arbitration clause was broad and the submission unrestricted.
Arbitrability in this context is a factual question to be determined by the court. Welch Group, Inc. v. Creative Drywall, Inc., 215 Conn. 464
(1990). The question for the court now is whether the contract that compelled the parties to proceed to arbitration was void.
The court finds that the contract was valid and enforceable and in no way violated the Home Improvement Act. The plaintiff claims, disingenuously, that the contract omits many of the requirements of Conn. Gen. Stat. § 20-429 (a). The contract here consists of more than one document. When the plaintiff suffered a fire at her residence, CT Page 8731 she signed a "multi-services contract" dated 9-8-94 with the defendant to board up the premises, do certain temporary repairs to secure the building, and do the following: "Repairs of/or reconstruction of building(s) at above address — work specifications will follow based upon agreement with owner(s)." On the same day, the proper copies and notice of right to cancel were delivered to her. Within days thereafter, the parties agreed on the scope and price of the remaining work and signed an additional construction agreement that included a detailed list of the work to be performed and new components to be added to the structure. The two documents must be read together as the contract into which the parties entered. Together they contain all of the requirements for a valid home improvement contract, and, of course, they contain a valid arbitration clause.
Having therefore found that the matter was arbitrable, the court has examined the record of the arbitration and the submissions of the parties in search of any support for the plaintiff's other claims. The court finds none.
Accordingly, the court finds the issues raised in the plaintiff's Motion for Summary Judgment moot, as the arbitration was pursuant to a valid arbitration clause. The Application to Vacate the Arbitration is denied; and the Application to Confirm the Arbitration is granted.
Patty Jenkins Pittman, Judge