[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR STAY OF ARBITRATION
The defendant Landmark, Inc. moves that the court stay the arbitration hearing in that it claims that prior to commencing the proceedings the parties entered into a settlement agreement. It claims that the question of whether or not there is an enforceable settlement agreement is a question for the court to decide.
The arbitration language in the contract provides: "Any controversy or claim arising out of or relating to this contract, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association and the judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction."
"An order to arbitrate the particular [dispute] should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." Welch GroupInc. v. Creative Drywall, Inc., 215 Conn. 464, 467 (1990) (emphasis in original); citing Board of Education v. Frey, 174 Conn. 578, 582 (1978).
The court cannot conclude that an agreement to settle the claim, often referred to as accord and satisfaction, is any different than any other form of satisfaction of contract obligations, such as would be partial or full payment. Such matters do not clearly fall outside of the terms of CT Page 10196 the arbitration agreement as the term "arising out of or relating to this contract" is broad and comprehensive.
The motion for stay of arbitration is denied.
L. Paul Sullivan